Date signed March 11, 2014



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RENEE ANDREA OLIVER | : | Case No. 13-19129PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| THELMA GLOVER | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 13-00783PM |
| | : | |
| RENEE ANDREA OLIVER | : | |
| STEVEN H. GREENFELD, Trustee | : | |
| NATIONSTAR MORTGAGE, LLC | : | |
| FEDERAL NATIONAL | : | |
|   MORTGAGE ASSOCIATION | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case comes before the court on the Motion of the Defendants, Nationstar Mortgage, LLC and Federal National Mortgage Association to dismiss Counts Four, Six and Seven of the Complaint, wherein the Plaintiff seeks to set aside a Deed, injunctive relief, and a declaratory judgment. This adversary proceeding is filed against these entities and the Debtor, Renee Andrea Oliver. The Complaint charges that the Debtor, under the pretext of seeking to help the Plaintiff, tricked her into signing over her interest in her residence, secured a mortgage on the property and used the proceeds of the mortgage for her own ends. The net result was, as alleged by the Plaintiff, that using funds from loans secured by the property the Debtor acquired title to

the property valued possibly as much as $861,000, that the Plaintiff owned free and clear of any encumbrance other than some outstanding taxes. The Plaintiff seeks relief against the Debtor. That is, recovery of damages, fraud, violation of the D.C. Consumer and Protection Procedures Act, unjust enrichment and that any such judgment against the Debtor be held as nondischargeable. The Plaintiff seeks to nullify the transfer to the Debtor and as a consequence thereof to nullify the lien created by her originally securing the Defendant Nationstar Mortgage. In essence, the Plaintiff urges that because to deeds from the Plaintiff to the Debtor of 75% and thereafter 25% of the equity were obtained by false pretenses or fraud, the Debtor could not transfer title to *a bona fide* purchaser. In other words, the alleged fraud in the factum nullified the entire transaction.

The icing on the cake of the allegation of wholesale fraud is that after the Plaintiff signed the second deed, the Debtor filed a summons and complaint in the Landlord Tenant Branch of the District of Columbia Superior Court seeking to evict the Plaintiff from her home of more than 40 years. In short, it is alleged that stealing the property was not enough for the Debtor, she had to throw the Plaintiff into the street as well.

This Complaint states a case involving the doctrine of fraud in the factum. This is the sort of fraud that procures a party's signature to an instrument without knowledge of its true nature or contents. Such actions render the instrument void, not voidable. *Cf. W.T. Langley v. Fed. Deposit Ins. Corp.*, 484 U.S. 86, 91 (1987). Section 3-305(a)(1) of the Uniform Commercial Code provides:

> **§ 3-305. Defenses and Claims in Recoupment; Claims in Consumer Transactions.**
>
> (a) Except as otherwise provided in this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:
>
>> (1) a defense of the obligor based on (i) infancy of the obligor to the extent it is a defense to a simple contract, (ii) duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor, (iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or (iv) discharge of the obligor in insolvency proceedings[.]

The Official Comment explains:

> Subsection (a)(1)(iii) refers to "real" or "essential" fraud, sometimes called fraud in the essence or fraud in the factum, as effective against a holder in due course. The common illustration is that of the maker who is tricked into signing a note in the belief that it is merely a receipt or some other document. The theory of the

> defense is that the signature on the instrument is ineffective because the signer did not intend to sign such an instrument at all. Under this provision the defense extends to an instrument signed with knowledge that it is a negotiable instrument, but without knowledge of its essential terms. The test of the defense is that of excusable ignorance of the contents of the writing signed. The party must not only have been in ignorance, but must also have had no reasonable opportunity to obtain knowledge. In determining what is a reasonable opportunity all relevant factors are to be taken into account, including the intelligence, education, business experience, and ability to read or understand English of the signer. Also relevant is the nature of the representations that were made, whether the signer had good reason to rely on the representations or to have confidence in the person making them, the presence or absence of any third person who might read or explain the instrument to the signer, or any other possibility of obtaining independent information, and the apparent necessity, or lack of it, for acting without delay. Unless the misrepresentation meets this test, the defense is cut off by a holder in due course.

U.C.C. § 3–305, comment 1.

The Plaintiff argues that this applies to the transfers engineered by the Debtor because of her advanced age, limited education, lack of business experience and the fact that she had known the Debtor since she was a neighborhood child who had played with her children.  She argues further that the Movants are not *bona fide* purchasers.  *Bona fide* purchaser status does not protect these Defendants if the conveyances underlying their interest in the property are void.  *Cf. Smith v. Wells Fargo Bank*, 991 A.2d 20, 26 (D.C. App. 2010).  However, the court cannot decide this issue.  While the court has statutory jurisdiction over this issue as a matter related to this bankruptcy case as it is relates to the main case, 28 U.S.C. § 157(a), it does not have constitutional jurisdiction to decide a dispute as here between two non-debtors.  At the same time, in order to provide full relief, the Debtor is a necessary party to any state court action.  Therefore, the court will enter an order dismissing Counts Four, Six and Seven of the Complaint and providing for the modification of the automatic stay to allow those Counts to go forward against the Debtor through any final judgment and appeals therefrom.

cc:
Morgan W. Fisher, Esq., 155 Duke of Gloucester Street, Annapolis, MD 21401
Amy Mix, Esq., AARP Legal Counsel, 601 E Street, Washington, DC 20049
Robert A. Scott/Glenn A. Cline, Esq., 300 E. Lombard Street, Baltimore, MD 21202
Craig R. Haughton, 7 Saint Paul Street, Suite 1000, Baltimore, MD 21202
Steven H. Greenfeld, Trustee, 2600 Tower Oaks Blvd., Suite 103, Rockville, MD 20852
Renee A. Oliver, 8411 Cedar Chase Drive, Clinton, MD 20735

**End of Memorandum**