Date signed January 04, 2016



**S. MARTIN TEEL, JR.**
**U. S. BANKRUPTCY JUDGE**
SITTING BY DESIGNATION

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

```
IN RE:                        :
                              :
RENEE ANDREA OLIVER,          :    Case No. 13-19129-PM
                              :        Chapter 7
            Debtor.           :
                              :
THELMA GLOVER,                :
                              :
            Plaintiff,        :
                              :    Adversary Proceeding
       vs.                    :    No. 13-000783-PM
                              :
RENEE ANDREA OLIVER,          :    Not for publication in West's
                              :    Bankruptcy Reporter.
            Defendant.        :
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

<u>MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR RECONSIDERATION</u>

  This order addresses a request by the defendant, Renee Andrea Oliver, for reconsideration of an order enforcing the parties' settlement. The request will be denied.

I

  On December 17, 2014, the court entered in this adversary proceeding its *Amended Order Approving Compromise* (Dkt. No. 44) and the *Judgment* (Dkt. No. 45). On October 30, 2015, ten months and several days after the court entered the *Judgment*, the

plaintiff, Thelma Glover, filed her *Emergency Motion to Reopen Adversary Proceeding to Enforce Settlement and for Sanctions for Defendant's Failure to Comply with Terms of Agreement* (Dkt. No. 48). Oliver failed to file an opposition. More than a month later, the court held a hearing on the *Emergency Motion* on December 2, 2015. Oliver failed to appear. On December 15, 2015, the court entered an *Order Granting Plaintiff Thelma Glover's Emergency Motion to Reopen Adversary Proceeding to Enforce Settlement and for Sanctions for Defendant's Failure to Comply With Terms of Agreement* (Dkt. No. 55). On December 29, 2015, Oliver filed a *Praecipe* (Dkt. No. 57) seeking reconsideration of the *Order*. The request for reconsideration must be denied for the following reasons.

II

I will treat Oliver's *Praecipe* as a timely motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the court's order granting the *Emergency Motion*. The Fourth Circuit has recognized the following "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.,* 771 F.Supp. 1046, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Oliver points to no

2

intervening change in law; her evidence was available at the time of the hearing (see part III, below); and the court's ruling was not a clear error and not revising it would not cause a manifest injustice (see part IV, below).

III

The grounds Oliver advances for reconsideration are all grounds that could have been raised in a timely opposition to the *Emergency Motion* or at the hearing on the *Emergency Motion*. As stated in *In re Rodriguez*, 695 F.3d 360, 371-72 (5th Cir. 2012):

> Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). They are used to "call[ ] into question the correctness of a judgment" and are "properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (internal citations omitted).

Oliver had a fair opportunity to present her arguments, belatedly presented by her *Praecipe*, against the granting of the *Emergency Motion*. She should have raised them before the hearing, and could have presented them at the hearing. Her failure to note the hearing date is not excusable neglect for failing timely to file an opposition and to appear at the hearing.

IV

In her *Praecipe*, Oliver recites that she is not in default
of the *Settlement Agreement* approved by the *Amended Order
Approving Compromise*, but (1) fails to recite that Oliver has
executed a deed of trust to the Xenia Street property she owns as
required by the *Settlement Agreement*, and (2) attaches
information she relies upon in contending that payments have been
made as required by the *Settlement Agreement* when that
information, in actuality, demonstrates that she has not made the
payments to Glover required by the *Settlement Agreement*. Oliver
points to a default by Glover in complying with Glover's
obligations under the *Settlement Agreement*, but that is not a
basis for excusing Oliver's defaults. Accordingly, granting
reconsideration is unnecessary to correct a clear error of law or
prevent manifest injustice

A.

Oliver's failure to provide Glover with an executed deed of
trust to the Xenia Street property would, alone, be a basis for
denying reconsideration.

B.

Oliver's *Praecipe* attaches information that demonstrates
that she has *not* made the payments to Glover required by the
*Settlement Agreement*. Paragraph 7 of the *Settlement Agreement*
required Oliver, starting January 1, 2015, to pay a minimum of

4

$500 per month, and no less than $8,400 per calendar year, to
Glover or on Glover's behalf (said payments "on Glover's behalf"
being in the form of payments on taxes and insurance as described
in paragraph 7(E)).  In turn, paragraph 7(E) provided that until
the $50,000 owed under the *Judgment* was satisfied, Oliver was to
pay all taxes and insurance on the property directly (up to
$8,400 per calendar year), and to receive a credit for each such
payment towards the $8,400 owed to Glover each year.  Oliver was
required to pay each tax bill at least 15 days before the due
date (the due dates currently being March 31 and September 15 for
each year).

As to the payments required by the *Settlement Agreement*,
Oliver attached to her *Praecipe* a spreadsheet from the D.C.
Office of Tax and Revenue ("OTR") (see Dkt. No. 57 at page 4 of
12) reflecting $16,610.80 in credits with respect to Glover's
home, arising from payments made with respect to that property
principally in years prior to 2015.  None of those OTR credits
have been paid to Glover, and thus those OTR credits do not
constitute a payment to Glover.  Oliver also contends that she
made other payments in prior years that the OTR spreadsheet does
not reflect and that those payments should similarly be treated
as a credit towards the debt owed Glover, but, again, Glover has
received no payment by reason of those payments to OTR in prior
years.

As to the $8,400 in payments Oliver owes to Glover in 2015,

5

Oliver *is* entitled to a credit for Oliver's paying real property taxes *due for 2015* on Glover's home.  I will assume in Oliver's favor, without deciding, that she is entitled to a credit for OTR credit balances relating to Glover's home (arising from payments Oliver allegedly made in past years) that are used to satisfy the amount of real property taxes that came due in 2015.  The spreadsheet Oliver attached to her *Praecipe* shows a tax payment due on March 31, 2015, of only $741.06 and a tax payment due on September 15, 2015, of only $741.06.  Payment by Oliver of those two sums would result in a credit of only $1,482.12 towards the $8,400 she owes to Glover for the year 2015.  She would still be short $6,917.88.

The spreadsheet suggests that Oliver (or someone else) may have paid more than $1,482.12 in 2015, but it is only Oliver's satisfaction of the $1,482.12 owed for 2015 that can be treated as a credit towards the $8,400 Oliver owes Glover in 2015.

An OTR webpage (see Dkt. No. 57 at page 8 of 12) inexplicably shows tax collections of $4,049.81 relating to a "Deposit Date" of March 2015 and the "Tax Year 2015."  Oliver bears the burden of showing what amounts were owed for the tax year 2015 that she has paid.  The OTR spreadsheet showed only $1,482.12 owed for 2015.  Oliver will only be entitled to a credit for payments she has made of amounts owed for the year 2015.  The webpage showing $4,049.81 in payments relating to 2015 is not satisfactory proof of what was owed for the tax year 2015.

6

Regardless, Oliver was required to make a total of $8,400 in payments by December 1, 2015, and a credit of $4,049.81 (if Oliver could show that $4,049.81 was the amount owed and that she paid for the year 2015 through March 2015) would still leave $4,350.19 in payments owed to Glover. Even if an additional $741.06 was paid by September 15, 2015, for the payment due on that date, Oliver would still be short $3,609.13.

C.

It is clear that Oliver remains in default in complying with her obligations under the *Settlement Agreement*. She alleges that Glover is in default also, by failing to provide Oliver with a "deaf [sic] deed" (meaning a death deed) to Glover's home that will be effective on Glover's death. However, any default in that regard does not excuse Oliver's default. Oliver is free to pursue enforcement of that obligation, but it is not a basis for setting aside the order compelling Oliver to comply with *her* obligations under the *Settlement Agreement*.

V

The court warns Oliver that she risks being held in contempt if she continues to fail to comply with the *Settlement Agreement* as required by the *Order Granting Plaintiff Thelma Glover's Emergency Motion to Reopen Adversary Proceeding to Enforce Settlement and for Sanctions for Defendant's Failure to Comply With Terms of Agreement.*

7

VI

In accordance with the foregoing, it is

ORDERED that the defendant's request for reconsideration,
made in the *Praecipe* (Dkt. No. 57) filed on December 28, 2015, is
DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing by the clerk); e-recipients of
notice of orders.

**END OF ORDER**