Date signed February 17, 2016



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

```
IN RE:                         :
                               :
RENEE ANDREA OLIVER,           :   Case No. 13-19129-PM
                               :       Chapter 7
          Debtor.              :
                               :
THELMA GLOVER,                 :
                               :
          Plaintiff,           :
                               :   Adversary Proceeding
     vs.                       :   No. 13-00783-PM
                               :
RENEE ANDREA OLIVER,           :   Not for publication in West's
                               :   Bankruptcy Reporter.
          Defendant.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

MEMORANDUM DECISION AND ORDER
DISPOSING OF DEFENDANT'S TWO PRAECIPES FILED
ON FEBRUARY 4, 2016, AND HER PRAECIPE FILED ON FEBRUARY 8, 2016

This order addresses two *Praecipes* the defendant, Renee Andrea Oliver ("Oliver"), filed on February 4, 2016 (Dkt. Nos. 70 and 71) and the *Praecipe* she filed on February 8, 2016 (Dkt. No. 73). To the extent that the *Praecipes* seek the entry of an order granting some form of relief to Oliver, they do not include, as required by Local Bankruptcy Rule 9013-3, a proposed order setting forth the relief sought, and I therefore address only the relief that I discern the *Praecipes* to seek.

To the extent that the *Praecipes* constitute an opposition to the *Expedited Motion* (Dkt. No. 60) filed by the plaintiff, Thelma Glover ("Glover"), on January 20, 2016, and that was heard on February 8, 2016, or a request to reconsider the court's oral ruling of February 8, 2016, deciding to grant the *Expedited Motion*, the *Praecipes* fail to set forth any basis for reconsidering the court's decision to grant the *Expedited Motion*, and an order has been signed granting the *Expedited Motion*. The *Praecipes* additionally make a claim regarding the real estate taxes Oliver paid on real property for which the parties' *Settlement Agreement* reinstated Glover as the owner and voided deeds under which Oliver was the owner. Specifically, Oliver asserts that the parties' *Settlement Agreement*, incorporated as part of the final judgment in this adversary proceeding, requires that she be declared to be the person entitled to recover a refund of real estate taxes based on credits to which Glover is entitled as the reinstated owner of the property.

For the most part, the *Praecipes* are so rambling as to make it difficult to decipher the point Oliver is attempting to make. As to two forms of relief that Oliver appears to seek, my views are as follows.

I

First, Oliver appears to revisit past events that led to the parties' *Settlement Agreement* that was incorporated as part of the judgment (Dkt. No. 45) adjudicating the claims in this

2

adversary proceeding.  That *Settlement Agreement* is a deal that is binding on Oliver.  She does not set forth valid grounds for setting aside the *Settlement Agreement*.

II

Second, Oliver seeks a determination that she is entitled to a partial refund of taxes she paid on the real property now owned by Glover during the period that title was in Oliver's name. Oliver's request is based on the following.  She held title to the real property now held in Glover's name during December 2003 through July 2015.  Under the *Settlement Agreement*, the deeds that placed title in Oliver's name have been voided, and Glover's title has been restored.  The Office of Tax and Revenue has determined, for the period of December 2003 through July 2015, that for purposes of Glover's reinstated ownership of the property for those years the tax rate is to be based on Glover being entitled to a lower tax rate based on Glover being a low income senior homeowner.  That has resulted in a credit to Glover as the actual property owner of the real property for part of the taxes Oliver paid because Glover is taxed at a lower rate than was Oliver.  Oliver asserts that she is entitled to recover those credits as she is the one who made the payments.

Glover takes the position that Oliver is not entitled to recover such credits for taxes paid.  Glover argues:

> 12. Mrs. Glover files the instant pleading out of an abundance of caution as an Opposition to any request Oliver made regarding a refund from the Office of Tax and

3

Revenue (OTR). The "credit" on Mrs. Glover's real property tax account is due to a recalculation by OTR after Mrs. Glover regained title and after OTR restored the tax benefits for which Mrs. Glover is eligible as a low-income senior homeowner. These are not tax benefits for which Oliver is – or ever was – eligible. Thus, to whatever extent Oliver paid real property taxes as the record owner of the subject property, those higher tax amounts were the correct tax amounts for Oliver. The credit now on the account is a benefit due only to Mrs. Glover.

13.  To the extent that Oliver paid real property taxes while she was the record owner of the subject property, those payments were made from the $224,000 in equity Oliver stripped from the house.

14.  Furthermore, pursuant to the terms of the settlement agreement, Mrs. Glover, not Oliver, satisfied Oliver's remaining mortgage on the property when Mrs. Glover obtained her reverse mortgage.

15. In short, Oliver is not entitled to claim any part of the credit on Mrs. Glover's OTR account, whether directly by an Order from this Court instructing OTR to release funds to Oliver, nor indirectly by claiming that the OTR credit can be applied toward the balance of the $50,000 judgment.

*Plaintiff Thelma Glover's Request for Additional Sanctions and her Response to Filings by Defendant Renee Oliver* (Dkt. No. 72) (responding to Oliver's two *Praecipes* filed on February 4, 2016).

A.

Oliver's alleged claim of entitlement to recover the aforesaid credits does not alter the propriety of the court's order (Dkt. No. 55) enforcing the *Settlement Agreement* or of the order granting the *Emergency Motion* and holding Oliver in civil contempt.

4

Oliver owes Glover a $50,000 nondischargeable judgment debt. The credits cannot be applied toward the balance of the $50,000 judgment.

Oliver argues that the *Settlement Agreement* conferred on her a right to recover the tax credits that arose upon Glover being reinstated as the owner of Glover's real property via voiding of the deeds that had placed title in Oliver. This court has subject matter jurisdiction to interpret the *Settlement Agreement* (made part of the final judgment in this adversary proceeding) incident to Glover's *Emergency Motion* as a court has jurisdiction to interpret and enforce its orders. A claim for such relief necessarily has "arisen in" the bankruptcy case within the meaning of 11 U.S.C. § 1334(b).

The *Settlement Agreement* is not susceptible of the construction Oliver advances. Oliver paid real estate taxes for the real property, and the *Settlement Agreement* clearly does not contemplate that Glover is required to reimburse Oliver for those payments. To the extent that the payments became excessive payments based on Glover's entitlement, as the reinstated owner of the property, to a lower tax rate based on Glover being a low income senior homeowner, that does not negate the fact that the *Settlement Agreement* did not require Glover to reimburse Oliver in any way for the tax payments she made.

Paragraph 7 of the *Settlement Agreement* required Oliver, starting January 1, 2015, to pay a minimum of $500 per month, and

5

no less than $8,400 per calendar year, to Glover or on Glover's behalf (said payments "on Glover's behalf" being in the form of payments on taxes and insurance as described in paragraph 7(E)). In turn, paragraph 7(E) provided that until the $50,000 owed under the Judgment was satisfied, Oliver was to pay all taxes and insurance on the property directly (up to $8,400 per calendar year), and to receive a credit for each such payment towards the $8,400 owed to Glover each year.  Under the *Settlement Agreement*, upon Oliver's making a payment of taxes for 2015 and later years the payment is to be a credit towards the $50,000 judgment.  The *Settlement Agreement*, however, does not provide that she is entitled to a credit, towards satisfaction of the $50,000 judgment, for the alleged overpayments of taxes for the prior years for which she made payments.

The bottom line is that Glover is entitled to have Oliver comply with the *Settlement Agreement*, including paying $8,400 per calendar year on the judgment debt.  If Oliver fails to make such payments, Glover is entitled to enforce the judgment by execution process (or by way of a deed of trust she holds against Oliver's own real property).  Oliver cannot defeat Glover's rights in that regard by raising a disputed claim of entitlement to recover credits for overpayments of taxes for years prior to 2015 for which she was the payer.

6

B.

Oliver apparently wants an order declaring that, as between herself and Glover, she is entitled under the *Settlement Agreement* to recover the credits for the overpayment of taxes (based on *Glover's* more favorable tax rate as the reinstated owner) that Oliver paid prior to December 2015.  In turn, it appears that she wants to submit an order granting such a declaration to the District of Columbia Office of Tax and Revenue in order to have that office make a refund to her.  Again, this court has "arising in" subject matter jurisdiction under 28 U.S.C. § 1334(b) to interpret and enforce the *Settlement Agreement*.

If the matter were properly before me, I would rule on the record before me that Oliver's claim for such relief must be denied.  The court's determination that Oliver is not entitled under the *Settlement Agreement* to any credit towards the satisfaction of the $50,000 judgment based on the overpayments of taxes for the property relating to taxes Oliver paid for years prior to 2015 similarly dooms any claim that she is entitled to obtain a refund of the overpayments.  The payments were correct in amount when made by Oliver.  She did not overpay the taxes owed on the property at the time she paid them.  Those tax payments were made with respect to the property and inured to the benefit of whoever ultimately was determined to be the owner of the property.

The *Settlement Agreement* called for Glover to be reinstated as the owner of the property, and the benefit of the payments inure to her as the owner of the property.  Oliver's payments of real estate taxes did not constitute an overpayment of taxes when Oliver was the owner of the property, and so she was never entitled to a refund of taxes when she was the owner of the property.  The credits that have arisen, based on lower tax rates applicable to Glover, apply only with respect to Glover as the owner.  Oliver is not entitled to the benefit of those credits.  She cannot successfully contend that when she was the owner of the property she overpaid the taxes.

However, for two reasons, I decline to issue a judgment adjudicating this claim.  First, the interpretation of the *Settlement Agreement* may possibly require taking evidence, not presently in the record, regarding what the *Settlement Agreement* contemplated.  Second, I will treat Oliver's claim as one for a declaratory judgment regarding the recovery of money based on Oliver's requested interpretation of the *Settlement Agreement*.  Under Fed. R. Bankr. P. 7001(1) and (9), such a claim must be pursued as an adversary proceeding, a proceeding commenced by the filing of an adversary proceeding complaint.  Such an adversary proceeding would proceed in an orderly fashion in contrast to the procedurally sloppy way the claim has been presented by the *Praecipes* Oliver has submitted.

8

The claim cannot be pursued via filing a counterclaim in this adversary proceeding pursuant to Fed. R. Civ. P. 15(d) as a supplemental claim arising after the filing of her answer in this adversary proceeding. The court has already entered a judgment (Dkt. No. 45), incorporating the *Settlement Agreement*, and disposing of the respective claims asserted in the parties' pleadings. That terminated the adversary proceeding (except for the enforcement of the judgment).

## III

Based on the foregoing, it is

ORDERED that to the extent that the *Praecipes* filed by the defendant, Renee Andrea Oliver, on February 4, 2016, and February 8, 2016 (Dkt. Nos. 70, 71, and 73) seek to modify the court's oral decision regarding and the order granting Glover's *Expedited Motion* filed on January 20, 2016, or to modify other prior orders or rulings of the court, the *Praecipes* are denied. It is further

ORDERED that to the extent that the *Praecipes* filed by the defendant, Renee Andrea Oliver, on February 4, 2016, and February 8, 2016 (Dkt. Nos. 70, 71, and 73) go beyond constituting a request to have the court modify prior rulings and orders, and seek relief from this court, the *Praecipes* are stricken without adjudicating the merits of any claim for relief presented by the *Praecipes*.

[Signed and dated above.]

Copies to: Debtor **(by hand-mailing by the clerk)**; e-recipients of notice of orders;

Phillip Robinson
Consumer Law Center, LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910

**END OF ORDER**